# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

————————————————

MATTHEW L. PHILLIPS,

      Plaintiff,

     v.                                       Case No. 2:24-cv-00224-KWR-JHR

DONA ANA COUNTY SHERIFF'S
DEPARTMENT,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss (Doc. 3). Having reviewed the record and applicable law, the Court finds that Defendant's Motion to Dismiss is well taken in part and, therefore, is **GRANTED IN PART**.

This case was removed from state court. Defendant, Dona Ana County Sheriff's Department, moves to dismiss this case for failure to state claim. It also asserts that Plaintiff failed to properly serve it, and therefore personal jurisdiction is lacking. Plaintiff did not file a response in opposition, or request leave to amend. The Court agrees with Defendant in part, and will dismiss the federal constitutional claims against Dona Ana County Sheriff's Department for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) as it is not a suable entity.  No other claims against any other individual or entity are dismissed. However, the Court declines to exercise supplemental jurisdiction over the state law claims in this case, and remands those state law claims to the Third Judicial District Court, Dona Ana County, New Mexico.

# BACKGROUND

Plaintiff is proceeding *pro se*.  Plaintiff asserts that on April 17, 2020, he confronted four individuals at his home he believed were attempting to steal tools from his vehicle.  He alleges he was assaulted by these four individuals.

Plaintiff asserts he was charged with child abuse and aggravated assault stemming from this confrontation by the Tucumcari District Attorney's office. He appears to assert the charges were politically motivated.  Although he asserts the Dona Ana County Sheriff's Department "cleared" him in its investigation, he asserts the investigation was tinged with racial discrimination. He also asserts investigators failed to adequately investigate the incident. Plaintiff also asserts he was terminated from his position at Virgin Galactic.

On February 10, 2022, the state prosecutor filed a nolle prosequi, and the charges were dismissed.

Plaintiff appears to assert various federal constitutional claims and state law claims in this case against Dona Ana County Sheriff's Department.  As damages, Plaintiff seeks the lost value of his stock options and lost wages. Plaintiff has asserted claims against the prosecutor and his former employer in two separate cases. *See Phillips v. Rose, et al.,* 2:24-cv-00287 GJF/GBW (D.N.M.); *See also Phillips v. Galactic Enterprises, LLC,* Case No. 23-cv-956 MLG/DLM (D.N.M.).

Defendant Dona Any County Sheriff's Department moved to dismiss the claims against it, asserting that it is not a suable entity, and Plaintiff failed to properly serve it.  Defendant filed and

served its motion on March 11, 2024.  Plaintiff did not file a response.[1] Therefore, this motion is fully briefed and now ready for decision.

**DISCUSSION**

I.    <u>**The Court declines to dismiss the claims in this case at this time for failure to properly serve Defendant, as the motion is premature.**</u>

Defendant moves to dismiss the claims against it, asserting that Plaintiff failed to properly serve it. Defendant asserts three grounds to dismiss for lack of proper service or personal jurisdiction, but all three grounds are premised on the assertion that service is defective in some manner. As explained below, following removal a plaintiff has 90 days to properly serve a defendant, even if service in state court was defective.  Because those 90 days have not yet run, Defendant's motion is premature and the Court declines to dismiss for failure to serve at this time.

"Effectuation of service is a precondition to suit...." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proper service, the Court lacks personal jurisdiction over a defendant. *See Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992).

Federal law governs removed cases. Fed. R. Civ. P. 81(c)(1).  However, "federal courts in removed cases look to the law of the forum state ... to determine whether service of process was perfected prior to removal." *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010); *Palzer v. Cox Oklahoma Telecom, LLC*, 671 F. App'x 1026, 1028 (10th Cir. 2016).  The conduct at issue occurred in state court prior to removal.  Therefore, the Court applies "state procedural rules to preremoval conduct."  *Hart v. Capgemini U.S. LLC Welfare Ben. Plan Admin. Document*, 547 F. App'x 870, 872 (10th Cir. 2013).

---

[1] Plaintiff's response was due by March 28, 2024, and no response has been filed. *See* D.N.M.Lr-Civ. 7.4(a) (response is due within 14 days after service of the motion); Fed. R. Civ. P. 6(d) (3 days added to deadline if party is served by mail).

Even if service upon Defendant had been defective in state court, upon removal Plaintiff would get another chance to effectuate service. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706–07 (10th Cir. 2010) (district court's dismissal of case for untimely service and violation of statute of limitations reversed because case was removed to federal court, restarting time to serve complaint), *citing* 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m).

Section 28 U.S.C. § 1448 provides as follows:

[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Federal Rule of Civil Procedure 4, in turn, allows a plaintiff 90 days from the date the complaint is filed in which to serve a defendant with process. Fed. R. Civ. P. 4(m). The Tenth Circuit has interpreted 28 U.S.C. § 1448 and Rule 4(m) to give the plaintiff in a removed case 90 days "from the date [the] defendant removes the case to federal court in which . . . imperfect or defective service may be cured." *Palzer v. Cox Okla. Telecom, LLC*, — F. App'x —, 2016 WL 6818839, at *2 (10th Cir. Nov. 18, 2016); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010). Therefore, even if service had been defective in state court, Plaintiff would have an additional 90 days from the date of removal to properly serve Defendant.

Here, this case was removed to federal court on March 5, 2024. As explained above, even assuming service was defective or imperfect, removal grants a plaintiff a new opportunity to properly serve a defendant. Therefore, Plaintiff has an additional 90 days from that date to properly serve Defendant, the motion is premature, and the Court declines to dismiss this case for defective service at this time.

II.     **The Court dismisses Defendant Dona Ana County Sheriff's Department for failure to state a claim, as Defendant is not a suable entity.**

Defendant moves to dismiss for lack of personal jurisdiction or failure to state a claim on the same ground, that it is not a suable entity. The Court agrees in part, and will dismiss the federal claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Plaintiff appears to have asserted federal constitutional claims against Dona Ana County Sheriff's Department. The Tenth Circuit has stated that "police departments ... are not suable entities under § 1983, because they lack legal identifies apart from the municipality." *Ketchum v. Albuquerque Police Dep't*, No. CIV 91–2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992) (unpublished)). Therefore, the Tenth Circuit has on numerous occasions affirmed dismissals of § 1983 claims against police departments. *See Stone v. Jefferson Cnty. Det. Facility*, 838 F. App'x 348, 350 (10th Cir. 2020) ("the Jefferson County Sheriff's Department—[is] not [a] suable entit[y] under § 1983") (unpublished); *Mohammad v. Albuquerque Police Dep't*, 699 F. App'x 838, 839 (10th Cir. 2017) ("the Albuquerque Police Department is not a 'person' under § 1983") (unpublished); *Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) ("the Plaintiff has attempted to sue [three police departments] ... that are not legally suable entities") (unpublished); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that the City of Denver Police Department "is not a separate suable entity"); *see also Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (affirming dismissal for failure to state a claim as criminal justice center was not

a suable entity under § 1983).[2] Therefore, Plaintiff has failed to state a federal claim under Fed. R. Civ. P. 12(b)(6).[3]

Defendant requests that the Court dismiss for lack of personal jurisdiction, as it is not a suable entity. It also asserts that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6), for the same reason.

Here, Defendant asserts that the Court lacks personal jurisdiction because it is not a suable entity. This argument appears to be premised on the assertion that a non-suable entity cannot be properly served, therefore the Court lacks personal jurisdiction. As explained above, Defendant's motion to dismiss for lack of service is premature. Alternatively, Defendant has not cited to any case dismissing for lack of personal jurisdiction because a sheriff's department is not a suable entity. *see* Doc. 3 at 13. The lone case it cites does not dismiss for lack of personal jurisdiction on that basis, but addresses service issues. *Id.* It has also note cited to any case that a sheriff's department cannot be properly served under New Mexico's service rule. Rather, the cases it cites in its motion have generally dismissed actions against police departments for failure to state a claim. *Supra,* at 4; *See also* Doc. 3 at 7-9; *Apodaca v. City of Lakewood Colorado (Municipality)*, No. 15-CV-00007-RM-KLM, 2016 WL 1189177, at *1 (D. Colo. Mar. 22, 2016) ("In addition, as shown by the cases cited in support of the recommendation, the Court finds the dismissal of Defendant Police Department—because it is not a separate suable entity—should be under Rule 12(b)(6), and not Rule 12(b)(1)."); *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010)

---

[2] Plaintiff's complaint also references Title VII, but those allegations refer to Plaintiff's former employer, who is not a party to this case, and is instead a party to another case. *See Phillips v. Galactic Enterprises, LLC*, Case No. 23-cv-956 MLG/DLM (D.N.M.).

[3] Plaintiff makes a one-line reference to the federal Freedom of Information Act, asserting that the state prosecutor, Timothy Rose, failed to produce the results of his second polygraph test. Doc. 1-2 at Fact 80. This case does not involve any claims against Timothy Rose, and therefore the Court does not interpret that Plaintiff is bringing a federal FOIA claim against Dona Ana County Sheriff's Department in this case. Rather, that claim appears to have been brought in a separate case. *See Phillips v. Rose, et al.,* 2:24-cv-00287 GJF/GBW (D.N.M.).

(affirming dismissal for failure to state a claim as criminal justice center was not a suable entity under § 1983).  Defendant requests that the Court rule on the motion to dismiss for failure to state a claim, and ultimately requests dismissal with prejudice – which usually follows a motion under Fed. R. Civ. P. 12(b)(6) and not (b)(2).  As explained above, the Court finds that Defendant has not demonstrated that dismissal for lack of personal jurisdiction is appropriate at this time.  Therefore, it is appropriate to rule on the Fed. R. Civ. P. 12(b)(6) motion.

Therefore, the Court dismisses Plaintiff's federal claims under § 1983 against Defendant Dona Ana County Sheriff's Department[4] for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### III.   Court declines to sua sponte grant leave to amend.

Plaintiff did not respond to the motion to dismiss or request leave to amend.  As explained below, the Court declines to *sua sponte* offer Plaintiff leave to amend.

Generally, a party must make a motion for leave to amend a complaint, and a district court need not offer leave to amend *sua sponte*.  Local rule 15.1 requires that "a proposed amendment to a pleading must accompany the motion to amend."  D.N.M.LR-Civ. 15.1. The Tenth Circuit has held that the federal rules also require a motion to be filed.  *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023) (*pro se* plaintiff "never separately filed a motion with a proposed amended complaint adding those claims, as required by Federal Rule of Civil Procedure 15(a)(2) and District of Colorado Rule 15.1(b).").  Rule 7 requires a request for relief to be made by a motion that (1) is in writing, (2) "states with particularity the grounds for seeking the order," and (3)

---

[4] The Court notes that Plaintiff only named the Dona Ana County Sheriff's Department as a defendant in this case.  *See* Doc. 1-2 at 1.  This appears to be a purposeful decision. Although his complaint includes allegations regarding the actions of a district attorney and Plaintiff's former employer, Virgin Galactic, Plaintiff does not appear to assert claims against them in this case.  Rather, he has filed separate cases against the district attorney and his former employer.  *see Phillips v. Rose, et al.,* 2:24-cv-00287 GJF/GBW (D.N.M.); *See also Phillips v. Galactic Enterprises, LLC*, Case No. 23-cv-956 MLG/DLM (D.N.M.)  Therefore, this order does not opine on the validity of any of his other claims against these other persons or entities.  This opinion only addresses the claims he has asserted against the sole defendant in this case, Dona Ana County Sheriff's Department, and does not discuss the validity of any claims against any other person or entity.

specifies the relief sought. Fed.R.Civ.P. 7(b)(1). "We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion." *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999).

The Tenth Circuit has also held that it is not arbitrary or capricious for a district court to deny leave to amend where a motion for leave to amend was not filed. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) ("We have long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court."); *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) (court did not abuse discretion in denying leave to amend where party did not file a motion); *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion."); *Glenn v. First National Bank in Grand Junction,* 868 F.2d 368, 369–72 (10th Cir. 1989) ("Appellant did not move the court for leave to amend the complaint and therefore the district judge committed no error in not ruling thereon."). Therefore, when a party does not request leave to amend after a motion to dismiss was filed, Tenth Circuit law is clear that a district court generally need not *sua sponte* offer leave to amend.

*Pro se* parties are expected to follow the same rules as represented parties. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."), *quoting Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994). Moreover, the district court cannot act as a *pro se* party's advocate or counsel, construing arguments and searching the record for him. *Id.*

8

In some cases, a court should offer a *pro se* party leave to amend *sua sponte*, such as where the Court dismisses a complaint *sua sponte* and a motion to dismiss has *not* been filed. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1173 n.4 (10th Cir. 2023); *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss sua sponte "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."). That is not the case here. The Court did not screen the complaint, and did not sua sponte dismiss the complaint.

Rather, a motion to dismiss was filed. Where a motion to dismiss is filed, the motion provides notice to a party of the defects in a complaint, and provides an opportunity for the *pro se* plaintiff to seek leave to amend to fix the defects. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1173 n.4 (10th Cir. 2023) (noting that court need not grant pro se plaintiff leave to amend where a motion to dismiss was filed, distinguishing cases where court *sua sponte* screened and dismissed complaint); *see also Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) (recognizing that a motion to dismiss provides a plaintiff notice and opportunity to amend complaint, as opposed to sua sponte dismissal). Therefore, where a motion to dismiss is filed, a district court need not *sua sponte* offer leave to amend. *Serna*, 58 F.4th at 1173 n.4.

Here, the motion to dismiss provided adequate notice of the defects in the complaint. In response, Plaintiff was required to file a motion to amend the complaint if he desired to amend his complaint. He has not done so. Therefore, the Court declines to *sua sponte* offer leave to amend.

## IV.   <u>Court declines to exercise supplemental jurisdiction over any state law claim.</u>

This case was removed solely on the basis of federal question jurisdiction. No party has asserted that the court has diversity jurisdiction over any state law claims in this case. *See* Doc. 1.

Rather, both parties appear to be residents or citizens of New Mexico, and complete diversity is lacking. Therefore, because all federal claims in this case have been dismissed, it appears the Court only has supplemental jurisdiction over any state law claims.

It appears Plaintiff has asserted state law claims. He references civil rights violations or racial discrimination, which could fall under New Mexico constitutional or statutory claims. He also references the New Mexico IPRA statute. The Court will decline to exercise supplemental jurisdiction over these state law claims, as explained below.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). Moreover,

> [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers of Amer. v. Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130 (footnote omitted). A district court may decline to exercise supplemental jurisdiction even where other jurisdictional or merits issues remain, as allowing state courts to address remaining issues promotes comity and federalism. "[N]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.' " *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 2011)), *abrogated on other grounds by Torres v. Madrid*, 141 S. Ct. 989 (2021); *see also Kinney v. Blue Dot Serv. of Kan.*, 505 F. App'x

812, 814–15 (10th Cir. 2012) (affirming district court's decision to not exercise supplemental jurisdiction over state law claims when federal claims were dismissed).

Here, it appears that Plaintiff asserts state law claims, including a New Mexico IPRA claim. The Court does not have original jurisdiction over this claim, as explained above. Rather, it appears the Court only has supplemental jurisdiction over this claim. The Court declines to exercise supplemental jurisdiction over the state law claims in this case.

When declining to exercise supplemental jurisdiction, a district court may dismiss the state law claims without prejudice or remand the claims to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988). Because this case was removed to this court from state court, the Court finds remand of the state law claims, rather than dismissal, appropriate. The Court therefore remands the state law claims in this case to the Third Judicial District Court, Dona Ana County, New Mexico.

## CONCLUSION

For the reasons stated above, the Court grants in part Defendant's Motion to Dismiss (Doc. 3). The federal claims in this case only against Defendant Dona Ana County Sheriff's Department are dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). No other claims against any other individual or entity are dismissed. The Court declines to exercise supplemental jurisdiction over the state law claims, and remands any state law claims to the Third Judicial District Court, Dona Ana County, New Mexico.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 3) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over the state law claims, and **REMANDS** those claims to the Third Judicial District

Court, Dona Ana County, New Mexico. The Clerk is directed to take the necessary actions to remand this case.

_____/s/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE